In The United States District Court, Southern district, Huntington

Miguel Quinones, petitioner

v.                                                           DK No: 5:06-72

Jim Rubenstein, respondent

**FILED MAY -8 2006** TERESA L. DEPPNER, CLERK U.S. District Court Southern District of West Virginia

## Motion For Priliminary Injunctive Relief

Now comes your petitioner Miguel Quinones, by This Honorable Court To grant a priliminary injunction causing His current Release And Transfer From his unlawful Isolated Confinement that is being Administered upon his person at The Mount Olive Correctional Complex.

On April 6, 2004 your petitioner was placed in Isolated Confinement, called Administrative Segregation in His place of imprisonment at the Mount Olive Correctional Complex, located in Mt. Olive, West Virginia, Fayette County. The Hearing that was Held was The Second Hearing your petitioner Had within A Two week period. In The First Hearing The Committee That was Comprised of Different Members Recommended Your petitioners Release to main line population on April 2, 2004. On April 2, 2004 Mr. Joseph Coy, Investigator, Had A Detention Report placed on your petitioner. On July 23, 2003 mr. Coy, in the presence of Associate Warden William Vest and Major Paul Perry, Stated He would make sure This petitioner would never Have an opportunity to fight His conviction, or Transfer From The Institution, or be Classified

lower than anything that would keep him isolated. Mr. Coy is no longer employed with the Facility due to his subsequent crack cocaine abuse, alcohol abuse and jeopordizing of evidence in a state police investigation of the murder of an inmate. Charges against all those inmates were dismissed due to these unproffessional abuses.

   This Joseph Coy, along with several security personell including Capt. Ronnie Williams, Major Robert Rodes, Cap. Matheny and several officers are all of Fayette County where your petitioner was tried and convicted. The above named individuals are all familiar by family ties or personal knowledge of the victem in the case Christopher Rearden who owned two local taverns. The victem was also a high ranking member of the "Avengers" motorcycle organization. These Fraternaties have local ties in politics and law inforcement via loyalties and family ties and associations with local Klu Klux Klan chapters in Fayette, Kanawha and Raliegh counties.

   In the April 6, 2004 hearing Joseph Coy presented a 3 page report which exposed the fact he had been reporting on this petitioner since his arrival to the Facility. Out of 900 plus inmates Mr. Coy had been observing and awaiting this petitioners arrival to the prison. With the backing of top security personell he was able to obstruct all this petitioners outgoing and incoming mail. He was able to have all his phone numbers blocked so he could not contact family and ultimately have this petitioner isolated. This isolation was unfounded and has endured 28 months.

During This Isolation a secondary phaze was instituted where your petitioner was Isolated From all services and programs. It is To A point your petitioner Has to put in Several Grievances To Recieve The Minimum Medical Aid or to Have Counselors Requests Answered. Most Recently He was Refused Canidacy to The Substance Abuse Treatment Pod. Although Substance Abuse Treatment was ordered In his Pre-Parole Plan making him a perfect canidate They refused him. As "Not Having" a Drug problem although 60% of inmates on the program do not Have Drug issues. The Real issue is That The substance Abuse Program is A progressive one on <u>mainline population</u> which allows Your petitioner Access to programs and The Law Library to litigate his case.

During your petitioners Isolation He Has been subject to Daily Searches labled as "Random". These are used to validate your Petitioners Confinement by labeling Him "Problematic" For Filing Grievances And Complaints. However, The Fact is officers are Told To "Go And Find Something". Your petitioner was reviewed by the "Pro Committee" Three Times For Advancement to be released off Isolation. All Three Times This Petitioner was refused For No Given Reason Although your petitioner was infraction Free And Had Maintained Employment in Isolation. They used the Para legal Kathy Dillion to Confiscate, photograph, and Return opened all petitioners Legal Mail. All outgoing Legal mail is photocopied or obstructed so The Administration can be Advised before the Courts. Usualy Cell Searches and Frivilous Rule Violations Result.

In this Motion it must be taken into consideration that At The Time of your petitioners Isolation He was A Classification Level 3 And Had Completed over 17 institutional Courses and Attained 30 undergraduate College Credits. A prisoner does Not Achieve this by being A Risk to the institution.

Upon Hearing this motion the Respondants will more then likely present Affidavits, Statements and Hind sight Conclusory Reports From this administration. However, This petitioner pleads with this Court to Ask For thier proofs and Evidences. It would Be a Mockery of Justice to Allow them to present such Admissions without proof. They Have Been Advised By mr. Charles Haudyschell That this unethical conduct would be reviewed And Taken As Fact By the Courts As he Feels "He Has The Courts in his pocket."

To Not Grant this injunction would Allow For an unjust Confinement of your petitioner which would serve to Infringe his litigation abilities, his progress while in custody, And His overall Health. Respondants are more Than aware They Have cut off All communication with Family and Friends. They Are Fully Aware of your petitioners Latino Heritage And They Are Fully Aware of your Petitioners unlawful Conviction which he is Contesting And How His Isolation proves to put him at the worst disadvantage to Have Effective Access to The Courts. In Considering this motion This petitioner prays That this Court does not Allow the Respondants to "pull The wool" over The Eyes of This Court with Fabricated Statements, False Affidavits and Orchestrated Character

Assasinations.

In conclusion, your petitioner motions for this court to Grant His immediate Release from Isolated Confinement And His immediate permanent Transfer to An institution Away From The Counties that Employ Any personell within the proximity of Fayette County where your petitioner was tried and Convicted. The Threat And Risk To your petitioners life does not come from inmates But comes From The Administration And localy employed Security And Medical personel. Mount olive Correctional Complex is Fayette Counties number one Employer.

Respectfully Submitted,

*Miguel Q* (signature)

Miguel Quinones
Mount olive Correctional com
ONE Mountainside way
Mt. Olive, W.V. 25185



Mr. Miguel Quinones #28960
One Mountainside Way
Mt. Olive, W.V. 25185

To: Clerk, Huntington Division
Hon. Thomas Jonston Presiding
U.S. District Court
Post Office Box 1570
Huntington, West Virginia 25716

LEGAL
MOUNT OLIVE
CORRECTIONAL
COMPLEX