IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| MIGUEL QUINONES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:07-0057 |
| | ) | |
| JAMES RUBENSTEIN, Commissioner, | ) | |
| West Virginia Department of Corrections, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

On May 8, 2006, Plaintiff, acting *pro se* and formerly incarcerated at Mount Olive Correctional Complex, in Mount Olive, West Virginia,[1] filed a letter addressed to the Court in which he requested that the Court issue a preliminary injunction. (Document No. 1.) Essentially, Plaintiff challenges the conditions of his confinement alleging that he was placed in administrative segregation in April, 2004, and was "isolated from all services and programs." He contends that he was subject to daily searches in retaliation for his filing of grievances and his mail, including his legal mail, was confiscated, photographed and returned opened. Plaintiff asserts that his continued confinement in administrative segregation "would serve to infringe his litigation abilities, his progress while in custody, and his overall health." Plaintiff states that certain correctional officers knew the victim of the crime of his conviction and he believes that there is "[t]he threat and risk to your petitioner's life . . . from the administration and locally employed security and medical personnel." Plaintiff requests "his immediate release from isolated confinement and his immediate

---

[1] The West Virginia Department of Corrections' Inmate Locator indicates that Plaintiff is currently incarcerated at McDowell County Correctional Center with a projected release date of April 20, 2011.

permanent transfer to an institution away from the counties that employ any personnel within the

proximity of Fayette County where your petitioner was tried and convicted."

The undersigned notes that Plaintiff filed the above Motion in his Section 2254 action,[2]

Quinones v. McBride, Civil Action 5:06-0072, on May 8, 2006, and it was designated Document

No. 6. In that case, the undersigned found that Plaintiff's "request for injunctive relief is not

cognizable under Section 2254." (Document No. 3.) Therefore, the undersigned determined that

Plaintiff's "claims and request for injunctive relief as contained in his letter filed on May 8, 2006

(Document No. 6.), must be viewed as separate and apart from these proceedings, and the Court

finds it therefore appropriate to require the Clerk to open a new file with Petitioner's letter,

Document No. 6 herein, as the initiating document designated Complaint for Injunctive Relief, with

---

[2] Plaintiff filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody on February 2, 2006. (Civil Action No. 5:06-0072, Document No. 1.) By Order entered on February 9, 2007, the undersigned directed Respondent to show cause, if any, why Plaintiff's Petition should not be granted. (*Id.*, Document No. 18.) On March 2, 2007, in response to the Court's Order, Respondent filed his Answer, Motion to Dismiss and Memorandum in Support thereof with exhibits. (*Id.*, Document Nos. 22 - 24.) On February 19, 2008, the undersigned submitted his Proposed Findings and Recommendations recommending that Respondent's "Motion to Dismiss for Failure to Exhaust State Court Remedies" be granted as to Ground II(B)(1), (2), and (3), and Ground III(A)(1), (2), and (3), and denied as to Ground I(A) and (B), and Ground II(A)(1), (2), and (3). (*Id.*, Document No. 41.) Plaintiff filed objections on March 4, 2008. (*Id.*, Document No. 44.) The District Court overruled Plaintiff's objections and adopted undersigned's Proposed Findings and Recommendations by Memorandum Opinion and Judgment Order filed on March 27, 2008. (*Id.*, Document No. 50.) Accordingly, this matter was remanded to the undersigned for further proceedings. On May 6, 2008, Plaintiff filed his "Brief in Support of Plaintiff's Grounds Requesting Habeas Corpus Relief." (*Id.*, Document No. 52.) On June 5, 2008, Respondent filed his Consolidated Response, Motion to Dismiss, and Motion for Summary Judgment. (*Id.*, Document No. 57.) On June 18, 2008, Plaintiff filed his "Reply and Objections" to Respondent's Response. (*Id.*, Document No. 58.) On January 16, 2008, the undersigned submitted his Proposed Findings and Recommendations recommending that Respondent's Motion to Dismiss or in the alternative for Summary Judgment be granted and Plaintiff's Petition be dismissed. (*Id.*, Document No. 63.) Plaintiff filed objections on March 9, 2009. (*Id.*, Document No. 66.) The District Court overruled Plaintiff's objections and adopted undersigned's Proposed Findings and Recommendations by Memorandum Opinion and Judgment Order filed on March 26, 2009. (*Id.*, Document Nos. 67 and 68.)

Petitioner designated the Plaintiff and Commissioner James Rubenstein, Major Robert Rhodes, Captain Ronnie Williams, Captain Matheny and Joseph Coy designated Defendants and with the cause designated 42 U.S.C. § 1983." (Id.) The undersigned ordered that the Clerk send Plaintiff a copy of a form Application to Proceed *in forma pauperis* and that Plaintiff either pay the $350 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). (Id.) Plaintiff has not responded to the Court's Order that was entered more than two years and nine months ago. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [3] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

3

the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the Court's Orders directing him either to pay the requisite $350 filing fee in full or to file an Application to Proceed *in Forma Pauperis*. (Document No. 3.) Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

4

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered over two years and nine months ago directing Plaintiff to complete and file the above forms (Document No. 3.). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841,846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is hereby directed to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: November 23, 2009.

R. Clarke VanDervort
United States Magistrate Judge